Joshua S. Baron (#11506)
S. Yossof Sharifi (#11960)
Kyler Ovard (#13570)
Ashley Mendoza (#14256)
Sharifi & Baron, PLLC
155 North 400 West, Suite 530
Salt Lake City, Utah 84103
t. (801) 656-1901
f. (801) 214-9921
jbaron@sb-legal.net

*Attorneys for Plaintiffs*

| UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH | |
|---|---|
| MARGARET BLACKBEAR, Natural Guardian of R.K., the Surviving Minor Child and Heir at Law of Decedent,<br>    Plaintiffs,<br><br>vs.<br><br>MILLARD COUNTY, and DALE JOSIE, and ROBERT DEKKER, and John Does 1-20.<br>    Defendants. | **COMPLAINT**<br><br><br>Case Number _____<br><br>Judge_____ |

## COMPLAINT

Plaintiffs, Margaret Blackbear and R.K., by and through their attorney, Joshua Baron, complain against Defendants, Millard County, Dale Josie, and Robert Dekker, and allege as follows:

### JURISDICTION AND VENUE

1. This action arises under the Constitution of the United States, particularly the Fourth, Fifth, and 14th Amendments to the Constitution of the United States, and

under the laws of the United States, Particularly the Civil Rights Act, 42 U.S.C.A. § §1983, 1988, and under the laws and constitution of the State of Utah, particularly Utah Code Annotated §78B-3-106 and §78B-3-106.

2. The jurisdiction of this court is invoked under the provisions of 28 U.S.C.A. § §1331, 1343.  Plaintiffs also invoke the pendant jurisdiction of this court.

3. Venue is placed in this district because it is where all the parties reside and where the events complained of occurred.

## FIRST COUNT

4. Plaintiff, R.K., is the surviving heir at law of Corey Kanosh, deceased (referred to below as decedent), who died intestate in and while a resident of Millard County, Utah.

5. Plaintiff is a resident of Skull Valley, Tooele County, Utah, and brings this action in her individual capacity as the mother, next friend, and natural guardian of the minor plaintiff, R.K., five (5) month old, the surviving child of decedent.  The named child is the sole heir at law.

6. Defendants, Dale Josie and Robert Dekker, are, and at all times mentioned were, residents and duly appointed and acting officers, Deputy and Sheriff respectively, in the Sheriff's department of defendant Millard County, Utah.

7. Defendant, Robert Dekker, is, and at all times mentioned was, a resident and the duly appointed and acting Sheriff in charge of the Sheriff's department of Millard County, Utah.

8. Defendant, Millard County, is and at all times mentioned was, a municipal corporation organized and existing under the laws of Utah, located in Millard County, and the employer of defendants, Dale Josie and Robert Dekker. The individual defendants, and each of them, performed all the acts alleged below for and in the name of defendant Millard County.

9. Each and all of the acts of defendants, Dale Josie and Robert Dekker, were done by them, not as individuals, but by virtue of and under their authority as police officers of defendant Millard County, and under the color and pretense of the statues, ordinances, regulations, customs, and usages of Utah. These defendants were the servants, agents, and employees of defendant Millard County, and their acts alleged below are, therefore, imputed to defendant Millard County.

10. Defendants, Dale Josie and Robert Dekker, were at all times mentioned acting pursuant to orders and directives from defendants Deputy and Sheriff.

11. John Does 1-20 were supervisors, medical staff, officers, or county officials who participated in this incident but have not yet been identified and cannot be identified through the plaintiff's reasonable efforts.

12. On the evening of October 15, 2012, defendant officers pursued decedent in a car chase through the Kanosh Paiute Indian Reservation. During that pursuit, defendant officer shot and fatally wounded the decedent, who was unarmed at the time.

13. Decedent was declared dead at the site of the incident, and was never given proper medical attention and treatment.

14. As a direct and proximate result of the above-described wrongful acts of the above-mentioned defendants and of the resulting injuries, as alleged above, decedent died.

15. The above-described acts of defendants were done to deprive decedent of:

    a. Decedent's right to be secure in decedent's person against unreasonable searches and seizures, secured to decedent by the Fourth and 14th Amendments to the Constitution of the United States and the Constitution of the State of Utah;

    b. Decedent's right to not be deprived of life, liberty, or property without due process of law secured to decedent by the Fifth and 14th Amendments to the Constitution of the United States and the Constitution of the State of Utah; and

    c. Decedent's right to be accorded the equal protection of the laws, as guaranteed to decedent under the 14th Amendment to the Constitution of the United States and the Constitution of the State of Utah.

16. The above-described acts of the defendant police offers that resulted in the death of decedent are part of a pattern of conduct consisting of excessive use of force by which defendants, acting under color of law, have denied to various persons the rights, privileges, and immunities guaranteed to them by the Constitution and laws of the United States.  This pattern of conduct, while carried out under color of law, has no justification or excuse in law, but instead is improper and illegal and is unrelated to any activity in which officers may properly and legally engage

in the course of their duties to enforce laws, protect persons and property, or insure civil order.

17. Defendant's Sheriff, superior officers, and county were negligent in the selection, appointment, training, supervision, and retention of defendants Dale Josie and Robert Dekker as members of the Sheriff's Department of defendant county in that:

    a. They appointed defendant officers as officers when they knew, or in the exercise of reasonable care should have known, of the disposition of those officers to engage in the described unlawful conduct.

    b. Despite the fact that they knew or should have known that this pattern of conduct was being carried out by their agents and employees, defendant deputies, these defendants have failed and refused to:

        i. Remove defendants, Dale Josie and Robert Dekker, from their positions as officers;

        ii. Take any other disciplinary action against those officers; or,

        iii. Provide redress for citizens, such as decedent, who have been injured by those officers.

18. The above-described acts of defendant officers were done willfully, maliciously, and with callous and reckless indifference to and disregard of decedent's safety and continued life, by reason of which decedent was in decedent's lifetime entitled by virtue of Utah Code Annotated §78B-3-106 and §78B-3-106, to compensatory damages to be determined, and to punitive damages to be

determined, and decedent's estate is now entitled, by virtue of the above-noted statue, to an award of such compensatory and punitive damages.

19. By reason of the above-described injuries, decedent's estate incurred necessary and reasonable funeral and burial expenses in the sum of $5,889.00.

20. At the time of the decedent's death, decedent was 35 years of age and enjoyed good bodily health in every respect.  Decedent was endowed with high intelligence and ability at decedent's work.

21. At the time of decedent's death, decedent constituted a means of support for decedent's surviving minor child, and by reason of decedent's wrongful death and the loss to decedent's minor child of the aid, association, support, protection, comfort, case, and society of decedent, and the loss of his respective share in such estate as decedent might reasonably have accumulated in decedent's natural life expectancy, plaintiff, Margaret Blackbear, as the natural guardian for R.K., minor plaintiff, as the sole surviving heir of decedent, have been damaged in a sum to be determined.

22. Pursuant to 42 U.S.C.A. § §1988, the plaintiffs are entitled to reasonable attorney's fees.

23. Plaintiffs repeat and reallege Paragraphs 1 through 22, as if expressly set forth at length.

## SECOND COUNT

24. This SECOND COUNT of the complaint is for the benefit of the surviving child of decedent as decedent's next of kin and heir at law for damages in an amount to be determined, pursuant to the provisions of Utah Code Annotated §78B-3-106 and §78B-3-106, and for this purpose plaintiffs invoke the pendent jurisdiction of this court.

## JURY DEMAND

25. Plaintiff's request a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs request judgment against defendants, and each of them for:

1. Dollar amount to be determined for compensatory damages;
2. Dollar amount to be determined as exemplary and punitive damages;
3. Dollar amount to be determined for reasonable attorney's fees;
4. Costs of suit; and
5. Such other and further relief as the court deems just and proper.

RESPECTFULLY SUBMITTED this *13th* day of *December* 2012.

          _____/s/ Joshua Baron_____
             *Electronically signed by Joshua Baron*