Jesse C. Trentadue (#4961)
Noah M. Hoagland (#11400)
Britton R. Butterfield (#13158)
**SUITTER AXLAND, PLLC**
8 East Broadway, Suite 200
Salt Lake City, UT  84111
Telephone: (801) 532-7300
Facsimile: (801) 532-7355
E-Mail: jesse32@sautah.com
E-Mail: nhoagland@sautah.com
E-Mail: bbutterfield@sautah.com

Richard Waddingham (#4766)
Millard County Deputy Attorney
362 West Main
Delta, Utah 84624
Office (435) 864-2748
E-Mail: rwaddingham@frontierlaw.com

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MARGARET BLACKBEAR, Natural Guardian of R.K., the Surviving Minor Child and Heir at Law of Decedent, | **ANSWER** |
| Plaintiff, | |
| v. | Civil No. 2:12-cv-01135-PMW |
| MILLARD COUNTY, and DALE JOSIE, and ROBERT DEKKER, and John Does 1-20, | Magistrate Judge Paul M. Warner |
| Defendants. | **Trial by Jury Requested** |

Defendants Millard County, Dale Josse (name incorrectly spelled on Plaintiff's *Complaint*), and Robert Dekker (collectively "Defendants"), hereby answers Plaintiff's *Complaint* ("Complaint") by admitting, denying and alleging as follows:

## RESPONSES TO JURISDICTION AND VENUE

1. Defendants admit that Plaintiff has brought this action under the Fourth, Fifth, and Fourteenth Amendments to the *Constitution* of the United States, 42 U.S.C. §§ 1983 and 1988, and *Utah Code* §78B-3-106. Defendants, however, deny the remaining allegations contained in this paragraph.

2. Defendants admit that Plaintiff is asserting that jurisdiction exists in the United States District Court for the District of Utah. Defendants, however, deny the remaining allegations contained in this paragraph.

3. Admit.

## RESPONSE TO FIRST COUNT

4. Defendants do not have sufficient information or knowledge to either admit or deny the allegations contained in this paragraph and, therefore, deny the same.

5. Defendants do not have sufficient information or knowledge to either admit or deny the allegations contained in this paragraph and, therefore, deny the same.

6. Defendants admit that at all times relevant to the allegations contained in the *Complaint* that Robert Dekker was Sheriff of Millard County,

Utah and that Dale Josse was a Millard County Deputy Sheriff. Defendants further admit that at all times relevant to the allegations contained in the *Complaint* that Robert Dekker and Dale Josse were acting under color of Utah State law and pursuant to the authority vested in them by Utah State law. Defendants, however, deny the remaining allegations contained in this paragraph.

7. Defendants admit that at all times relevant to the allegations contained in the *Complaint* that Robert Dekker was Sheriff of Millard County, Utah and that Robert Dekker was acting under color of Utah State law and pursuant to the authority vested in them by Utah State law. Defendants, however, deny the remaining allegations contained in this paragraph.

8. Defendants admit that Millard County is a body politic and defined by the Utah Code § 63G-7-201(7) as a political subdivision of th State of Utah. Defendants likewise admit that Sheriff Dekker and Deputy Sheriff Josse are employees of Millard County, Utah. Defendants, however, deny the remaining allegations contained in this paragraph.

9. Defendants admit that at all times relevant to the allegations contained in the *Complaint* that Robert Dekker was Sheriff of Millard County, Utah and that Dale Josse was a Millard County Deputy Sheriff. Defendants

further admit that at all times relevant to the allegations contained in the *Complaint* that Robert Dekker and Dale Josse were acting under color of Utah State law and pursuant to the authority vested in them by Utah State law. Defendants, however, deny the remaining allegations contained in this paragraph.

10. Defendants admit that at all times relevant to the allegations contained in the *Complaint* that Robert Dekker was Sheriff of Millard County, Utah and that Dale Josse was a Millard County Deputy Sheriff. Defendants further admit that at all times relevant to the allegations contained in the *Complaint* Robert Dekker and Dale Josse were acting under color of Utah State law and pursuant to the authority vested in them by Utah State law. Defendants, however, deny the remaining allegations contained in this paragraph.

11. Defendants do not have sufficient information or knowledge to either admit or deny the allegations contained in this paragraph and, therefore, deny the same.

12. Defendants admit that Deputy Josse pursued Corey Kanosh on October 15, 2012, which resulted in the shooting of Corey Kanosh. Defendants likewise admit that Corey Kanosh did not have a weapon, but that Deputy Josse

was unaware of this fact until after the shooting. Defendants, however, deny the remaining allegations contained in this paragraph.

13. Defendants admit that Corey Kanosh was declared dead at the scene of the incident. Defendants, however, deny th remaining allegations contained in this paragraph.

14. Defendants admit that Corey Kanosh died. Defendants, however, deny the remaining allegations contained in this paragraph.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Defendants do not have sufficient information or knowledge to either admit or deny the allegations contained in this paragraph and, therefore, deny the same.

20. Defendants do not have sufficient information or knowledge to either admit or deny the allegations contained in this paragraph and, therefore, deny the same.

21. Defendants do not have sufficient information or knowledge to either admit or deny the allegations contained in this paragraph and, therefore, deny the same.

22. Denied.

23. Defendants repeat their responses in paragraphs 1 through 22 above.

## RESPONSES TO SECOND COUNT

24. Defendants do not have sufficient information or knowledge to either admit or deny the allegations contained in this paragraph and, therefore, deny the same.

## RESPONSE TO JURY DEMAND

25. Defendants rely upon and also join in Plaintiff's request for a jury demand.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's *Complaint* fails to state a claim, either in whole or in part, on which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or otherwise limited by the *Governmental Immunity Act of Utah*, Utah Code Ann. § 63G-7-101 *et seq.* (2008), including but

not limited to *Utah Code Ann.* §§ 63G-7-201, 63G-7-202, 63G-7-301(5), 63G-7-401, 63G-7-402, 63G-7-501, 63G-7-601, 63G-7-603, 63G-7-604 and 63G-7-702 (2008). Plaintiff's claims are also barred for failure to strictly comply with the *Notice* requirements of the *Governmental Immunity Act of Utah* contained in §§ 63G-7-401, 63G-7-402 and 63G-7-403 (2008).

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or otherwise limited by their failure to mitigate damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrines of *Sovereign Immunity, Governmental Immunity,* and *Qualified Immunity*.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the lack of subject matter jurisdiction.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's lack standing and/or are otherwise not the real parties in interest.

## EIGHTH AFFIRMATIVE DEFENSE

Deputy Josse's actions were both protected and authorized by *Utah Code* §§ 76-2-401 *et. seq*. and/or by common law self defense of himself and others.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by their failure to plead their claims with particularity in accordance with Federal Rule of Civil Procedure 9.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of unclean hands and estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants hereby deny each and every allegation in Plaintiffs' *Complaint* that is not heretofore expressly admitted, qualified, or denied.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert such additional *Affirmative Defenses* as may come to be known through discovery.

## PRAYER

WHEREFORE Defendants Millard County, Utah, Sheriff Robert Dekker and Deputy Dale Josse pray for *Judgment* against Plaintiff as follows: (1) that Plaintiff's *Complaint* be dismissed with prejudice and that she take nothing

thereby; (2) that these Defendants be awarded their costs of suit, including reasonable attorneys' fees; and (3) that these Defendants have such other and further relief as to the Court appears just and merited.

Dated this 18th day of January, 2013.

SUITTER AXLAND, PLLC


 /s/ jesse c. trentadue
Jesse C. Trentadue
Noah M. Hoagland
Britton R. Butterfield
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of January, 2013, I filed the foregoing **ANSWER** electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means:

>Joshua S. Baron, Esq.
>S. Yossof Sharifi, Esq.
>Kyler Ovard, Esq.
>Ashley Mendoza, Esq.
>SHARIFI & BARON, PLLC
>155 North 400 West, Suite 530
>Salt Lake City, Utah 84103
>*Attorneys for Plaintiffs*

                                                /s/ jesse c, trentadue

*T:\4000\4530\108\ANSWER.wpd*