Jesse C. Trentadue (#4961)
Noah M. Hoagland (#11400)
Britton R. Butterfield (#13158)
**SUITTER AXLAND, PLLC**
8 East Broadway, Suite 200
Salt Lake City, UT  84111
Telephone: (801) 532-7300
Facsimile: (801) 532-7355
E-Mail: jesse32@sautah.com
E-Mail: nhoagland@sautah.com
E-Mail: bbutterfield@sautah.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MARGARET BLACKBEAR, Natural Guardian of R.K., the Surviving Minor Child and Heir at Law of Decedent, <br><br> Plaintiff, <br> v. <br><br> MILLARD COUNTY, and DALE JOSIE, and ROBERT DEKKER, and John Does 1-20, <br><br> Defendants. | **DEFENDANTS' OBJECTION TO PLAINTIFF'S INTERROGATORIES AND DOCUMENT REQUESTS** <br><br> Civil No. 2:12-cv-01135-PMW <br><br> Magistrate Judge Paul M. Warner |

Defendants Millard County, Dale Josse, and Robert Dekker (collectively "Millard County Defendants"), by and through counsel, hereby answer and object to *Plaintiff's Interrogatories* and *Requests for Production of Documents* ("Requests") as follows:

**GENERAL OBJECTIONS**

1.      Defendants object to the Requests to the extent that they purport to impose obligations and require procedures beyond those set forth in the *Federal Rules of Civil Procedure* and *Local Rules*.

2.      Defendants object to the Requests to the extent that they purport to require the production of information protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege, statute, law or rule. Defendants hereby claim such privileges and protections to the extent implicated by the Requests and excludes privileged information from their responses. Any disclosure of such protected or privileged information is inadvertent and not intended to waive those privileges or protections.

3.      Defendants object to the Requests to the extent that they purport to require the disclosure of information not presently within the possession, custody or control of Defendants.

4.      Defendants object to the Requests insofar as they seek information subject to a confidentiality obligation owed to a non-party to this case.

5.      In making these objections, Defendants do not in any way waive or intend to waive, but rather preserves and intends to preserve:

   a.      all rights to object on any ground to the competency, relevancy,

                materiality and admissibility of any information or document that may be provided in response to the Requests or the subject matter thereof; and

       b.       all rights to object on any ground to the use of any information or document that may be provided in response to the Requests or the subject matter thereof, in any subsequent proceeding, including the trial of this or any other action; and

       c.       all rights to object on any ground to any request for further responses to this or any other discovery request; and

       d.       all rights to object on any ground to any definition contained in Plaintiff's discovery requests or any instruction followed in compliance therewith.

6. Defendants reserve the right to make any use of, or to introduce at any hearing and at trial, documents or information responsive to the Requests but discovered subsequent to the date of Defendants' responses and initial production, including, but not limited to, any information obtained during discovery.

7. Defendants' discovery and investigation of the facts relevant to this case are ongoing and Defendants' responses to the Requests are made to the best of their present knowledge, information and belief. Defendants reserve the right to amend and/or supplement their responses, which are subject to such additional or different information as discovery or further investigation may disclose.

8. Unless otherwise stated herein, Defendants object to the Requests as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and as seeking information irrelevant to the claims and defenses in

this action.

9. All of the General Objections set forth herein are incorporated into each of the individual responses set forth below and have the same force and effect as if fully set forth therein.

## OBJECTION TO FIRST SET OF INTERROGATORIES

Defendants also raise the following specific objections to Plaintiff's Interrogatories.

**INTERROGATORY NO. 11:** Identify the case number, name of defendant, and date for each time Deputy Josse has testified in court.

**RESPONSE:** Defendants object to this *Interrogatory* because as it is drafted, this *Interrogatory* is vague, overly broad and unduly burdensome. It is vague in that it calls for case number, name of defendant, and date for each time Deputy Josse has testified in court without regard to the type of case, and/or time frame of the testimony. *Cf. United States v. Intern. Bus. Mach. Co.*, 83 F.R.D. 97, 107 (S.D. N.Y. 1979)(A demand for documents should cover a reasonable time frame to insure that the materials desired are sufficiently identified and to confine the search to relevant documents). It is burdensome for the same reason, especially since Deputy Josse has testified in countless traffic cases. *Cf. Regan-Touhy v. Walgreen Co.*, 525 F.3d 641, 649-50 (10th Cir. 2008)(Similar "all documents" *Requests* are objectionable as a matter of law). Moreover, it places the

burden upon Defendants to determine what information Plaintiff is seeking by way of this *Interrogatory*. *See Motton v. Owens*, 128 F.R.D. 72 (N.D. PA. 1989); *Hilf v. FSC, Inc.*, 170 F.R.D. 182 (D.KAN. 1997); *Akens v. Deluxe Services, Inc.*, 217 F.R.D. 533, 538-39 (D. KAN. 2003).

**INTERROGATORY NO. 12:** Identify the name of the complainant, the date, and a short summary of each complaint by a citizen lodged against Millard County, whether formally or informally.

**OBJECTION INTERROGATORY NO 12:** Defendants object to this *Interrogatory* because as it is drafted, this *Interrogatory* is vague, overly broad and unduly burdensome. It is vague in that it calls for the identity of all persons who have allegedly lodged a complaint of any kind against Millard County without regard to type of complaint, and/or time frame of the complaint. *Cf. United States v. Intern. Bus. Mach. Co.*, 83 F.R.D. 97, 107 (S.D. N.Y. 1979)(A demand for documents should cover a reasonable time frame to insure that the materials desired are sufficiently identified and to confine the search to relevant documents). It is burdensome for the same reason. *Cf. Regan-Touhy v. Walgreen Co.*, 525 F.3d 641, 649-50 (10th Cir. 2008)(Similar "all documents" *Requests* are objectionable as a matter of law). Moreover, it places the burden upon Defendants to determine what information Plaintiff is seeking by way of this *Interrogatory*. *See Motton v. Owens*, 128 F.R.D. 72 (N.D. PA. 1989); *Hilf v. FSC, Inc.*,

170 F.R.D. 182 (D.KAN. 1997); *Akens v. Deluxe Services, Inc.*, 217 F.R.D. 533, 538-39 (D. KAN. 2003). Finally, this *Interrogatory* seeks information that is not only irrelevant to the claims and defenses involved in this case, but this information are also clearly not reasonably calculated to lead to the discovery of admissible evidence.

## OBJECTION TO REQUESTS FOR PRODUCTION

Defendants also raise the following specific objections to Plaintiff's Document Requests.

**REQUEST NO. 1:** All documents that are a part of Dale Josse's discipline record and personnel file.

**OBJECTION TO REQUEST NO. 1:** Defendants object to producing Deputy Josse's complete personnel file because his personnel file contains highly confidential personal information about him and his family that is not only irrelevant to the claims and defenses involved in this case, but that information is also clearly not reasonably calculated to lead to the discovery of admissible evidence. Defendants will produce, however, any complaints or disciplinary matters contained in Deputy Josse's personnel file BUT only subject the *Protective Order*.

**REQUEST NO. 15:** All documents containing any records of a complaint mentioning or referring to Deputy Josse that has been lodged with Millard County by a citizen, whether formally or informally.

6

**OBJECTION TO REQUEST NO. 15:** Defendants object to this *Request* because as it is drafted, this *Request* is vague, overly broad and unduly burdensome. It is vague in that it calls for the production of all complaints of any kind against Deputy Josse without regard to type of complaint, and time frame of the complaint. *United States v. Intern. Bus. Mach. Co.*, 83 F.R.D. 97, 107 (S.D. N.Y. 1979)(A demand for documents should cover a reasonable time frame to insure that the materials desired are sufficiently identified and to confine the search to relevant documents). It is burdensome for the same reason. *Regan-Touhy v. Walgreen Co.*, 525 F.3d 641, 649-50 (10th Cir. 2008)(Similar "all documents" *Requests* are objectionable as a matter of law). Moreover, it places the burden upon Defendants to determine what is a complaint. *See Motton v. Owens*, 128 F.R.D. 72 (N.D. PA. 1989); *Hilf v. FSC, Inc.*, 170 F.R.D. 182 (D.KAN. 1997); *Akens v. Deluxe Services, Inc.*, 217 F.R.D. 533, 538-39 (D. KAN. 2003). Finally, this request not only irrelevant to the claims and defenses involved in this case, but these documents are also clearly not reasonably calculated to lead to the discovery of admissible evidence.

DATED this 29th day of October, 2013.

SUITTER AXLAND, PLLC

/s/ jesse c. trentadue
Jesse C. Trentadue
Noah M. Hoagland
Britton R. Butterfield
*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of October, 2013, I filed the foregoing **OBJECTION** electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means:

>Joshua S. Baron, Esq.
>S. Yossof Sharifi, Esq.
>Kyler Ovard, Esq.
>Ashley Mendoza, Esq.
>SHARIFI & BARON, PLLC
>155 North 400 West, Suite 530
>Salt Lake City, Utah 84103
>*Attorneys for Plaintiffs*

>>/s/ jesse c. trentadue

*T:\4000\4530\108\OBJECTION TO PLAINTIFF DISCOVERY.wpd*